[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action to collect the unpaid balance of a promissory note was tried before this court on May 5, and May 15, 1998. The Amended Revised Complaint dated November 26, 1997 claims an outstanding principal balance of $486,482, plus interest, late charges and attorneys fees. Defendants' Amended Answer dated April 29, 1998, admits the execution of the note by both defendants but the other allegations are either denied or left to proof. The Amended Answer contains a special defense of failure of consideration in exchange for execution and delivery of the note. CT Page 8709
Only one witness, Michael Gerard, president of plaintiff, testified at trial, but various documents were admitted into evidence, either without objection or under the business entry rule or for summary purposes to aid the court.
It is found that the promissory note dated September 1, 1990, in the amount of $690,000 was duly executed by defendant Gary Pierce, individually and as the authorized president of defendant Mary Catherine Development Company, in return for adequate consideration, being the agreed amount of settlement arrived at by negotiations between Gerard and Pierce for sums owed to the plaintiff for site development work performed at sites in Windsor and Manchester owned or controlled by one or both of the defendants, as summarized in a letter from plaintiff to defendants dated September 24, 1990 (Exh. 5).
It is further found that late in 1991 defendants failed to make payments due under the note on time, that notices of default and acceleration were made in writing by plaintiff to both defendants on June 28, 1995 and again on August 7, 1995; that thereafter in September 1995, a forbearance agreement (Exh. 13) was entered into by the parties, providing that in return for specified payments by defendants, the plaintiff would defer proceeding with any legal remedies available under the note until September 30, 1996. Payments made under the forbearance agreement, amounting to $36,000, were by stipulation at trial, agreed to be treated as payments under the note.
It is further found that total payments made by defendants pursuant to the note and forbearance agreement amounted to $286,000. A principal contention between the parties concerned the application of these payments as between principal and interest.
Defendants claim all the payments should have been applied first to principal and then to interest because the note failed to indicate how the payments were to be applied and particularly in the case of the $36,000 in payments made pursuant to the forbearance agreement. Defendants point to the ledger account of the plaintiff (Exh. 6) which seems to indicate that defendants' payments were apparently applied to principal first.
There is no definitive authority in Connecticut to, determine how payments under a note, in the absence of direction, should be applied as between principal and accumulated interest. The CT Page 8710 prevailing view in other jurisdictions known as the "United States rule" is that in the absence of an agreement partial payments on an interest bearing note should be applied first to accrued interest and then to principal. 45 Am.Jur.2d "Interest and Usury" § 99; 70 C.J.S "Payment" §§ 43, 58.
The accountant for the plaintiff testified that if the office records of the plaintiff showed payments being applied to principal first, then these records were in error.
It is found that $250,000 of the payments made by defendant should have been credited first to interest and then to principal.
Payments made under the forbearance agreement are another matter. Unlike the promissory note, the agreement contains no reference to any interest, and although the agreement does not provide that payments made under the agreement would be applied to the balance of the note, the parities have so stipulated. Under these circumstances it is found that the $36,000 payments under the forbearance agreement should have been credited directly to the principal balance.
With the application of these rules it is found that there is unpaid principal balance due of $480,618.93 due the plaintiff.
It is further found that under the note, plaintiff was entitled to a late charge of 2% of any installment not paid within thirty days of the due date and that plaintiff is owed $8,950 for late charges.
It is further found that plaintiff is entitled to interest at the rate of 12% per annum on the unpaid principal balance of the note, it being noted that all payments made by defendants were required to be applied to the principal balance.
It is further found that the plaintiff is entitled to reasonable attorneys fees under the note, that the attorneys fees incurred by plaintiff were summarized in a letter from Wieselman Brady to plaintiff dated May 4, 1998 (Exh. 20) in the total amount of $14,901; that such amount is reasonable for services rendered to date to collect the note and is hereby awarded to plaintiff as attorneys fees.
Jerry Wagner CT Page 8711
Judge Trial Referee